```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   DONALD GRADY, II,                )
                                      )
 4            Plaintiff,              )
                                      )
 5       v.                           )  No. 14 CV 01245
                                      )
 6   BOARD OF TRUSTEES OF NORTHERN    )
     ILLINOIS UNIVERSITY, et al.,     )  Chicago, Illinois
 7                                    )  November 9, 2016
              Defendants.             )  9:40 a.m.
 8
                         TRANSCRIPT OF PROCEEDINGS
 9
           BEFORE THE HONORABLE HARRY D. LEINENWEBER
10
     APPEARANCES:
11
     For the Plaintiff:       FOX & FOX, S.C.
12                            BY:  MR. MICHAEL R. FOX
                              124 West Broadway
13                            Monona, Wisconsin 53716
                              (608) 258-9588
14                            mfox@foxquick.com

15   For the Defendants:      SEYFARTH SHAW, LLP
                              BY:  MS. UMA CHANDRASEKARAN
16                            131 South Dearborn Street
                              Suite 2400
17                            Chicago, Illinois 60603
                              (312) 460-5000
18                            uchandrasekaran@seyfarth.com

19   Court Reporter:          Judith A. Walsh, CSR, RDR, CRC, FCRR
                              Official Court Reporter
20                            219 South Dearborn Street, Room 1944
                              Chicago, Illinois 60604
21                            (312) 702-8865
                              judith_walsh@ilnd.uscourts.gov
22

23

24

25
```

1      (Proceedings heard in open court:)
2      THE CLERK: 14 C 1245, Grady versus Board of
3  Trustees.
4      MS. CHANDRASEKARAN: Good morning, your Honor. Uma
5  Chandrasekaran, C-h-a-n-d-r-a-s-e-k-a-r-a-n, on behalf of
6  defendants.
7      MR. FOX: Good morning, your Honor. Michael Fox on
8  behalf of the plaintiff, Donald Grady, II.
9      THE COURT: This was --
10     MR. FOX: Your Honor?
11     THE COURT: Yes.
12     MR. FOX: The defendants on October 28th filed an
13 extensive motion for summary judgment or at least a request to
14 be able to file it instanter because, at least in my opinion,
15 it's untimely. Let me explain to you how we got there.
16     On July 14th, you closed the discovery in this
17 matter. And the only discovery that was left open was related
18 to a ruling that you made on motions the defendants have made
19 to quash two depositions. I took those depositions after July
20 14th. They were not intended to extend discovery within the
21 meaning of the rule that permits a litigant to file a motion
22 for summary judgment 30 days after close of all discovery.
23     You closed discovery. We just got to take the
24 depositions we had noticed before the close of discovery, and
25 you set a trial date of January 9th. This motion that's now

1  been filed exceeds the permitted limit with regard to those
2  findings of fact, with regard to pages, addressing all of the
3  claims.  We're supposed to now brief that motion and have it
4  decided, I guess, before January 9th.
5         My client was a highly decorated police officer who
6  has waited four years to have a hearing in this matter.  All
7  of the issues that are brought up in this motion can and
8  should be addressed at trial and, therefore, under those
9  circumstances, your Honor, and in the interest of justice, I
10 would ask that you deny the ability to file that motion now,
11 and as part of my request to this Court that you direct us to
12 continue the mediation that was started before Judge --
13 Retired Judge Wayne Anderson in the interim between now and
14 the scheduled trial date.
15        THE COURT:  What is the status of the mediation?
16        MR. FOX:  We stopped the mediation.  The mediation
17 started in April of this year, your Honor.  It was -- we had
18 not completed some of the significant depositions in that
19 mediation.  We then completed those depositions, from
20 plaintiff's standpoint, very promptly thereafter including a
21 deposition where one of the employees of the -- of NIU had
22 taken the Fifth Amendment throughout the deposition and not
23 been able to give us testimony.
24        We now were able to assemble or to get his testimony,
25 to obtain it because he dropped the claim of Fifth Amendment

1  privilege and provided us with significant information that I
2  believe would affect the mediation.
3  　　　　We have not resumed the mediation as a result of --
4  or we haven't resumed the mediation since that time, since
5  April. We discussed the possibility of doing it but have not
6  done so.
7  　　　　MS. CHANDRASEKARAN: Your Honor, may I respond?
8  　　　　THE COURT: Yes.
9  　　　　MS. CHANDRASEKARAN: Your Honor, we think the rules
10 are clear that a party may file a motion for summary judgment
11 within 30 days of the close of discovery. The last deposition
12 in this case was completed on September 28th. We filed our
13 motion within those 30 days. Mr. Fox's arguments, we think,
14 are disingenuous. He served an expert report last month,
15 certainly after the close of discovery. So for him to say
16 that discovery is closed is entirely disingenuous.
17 　　　　THE COURT: What -- I thought I closed it back in
18 July.
19 　　　　MS. CHANDRASEKARAN: Your Honor, that's correct, but
20 there were additional depositions that you ordered to be
21 completed, and we needed those to be completed before we were
22 able to file our motion for summary judgment.
23 　　　　THE COURT: Who asked to have those depositions?
24 　　　　MR. FOX: I had noticed those depositions before the
25 close of discovery, and they moved to quash the depositions,

```
 1   and you denied the motion to quash.
 2           THE COURT:  Well, the problem is, you say there's a
 3   trial date of the 9th of January.
 4           MR. FOX:  Right.
 5           THE COURT:  That hardly gives us time to brief it, so
 6   I think it's too late.  The matter, the same issues will be up
 7   at the close of plaintiff's complaint, so I'm going to refuse
 8   to have the motion for summary judgment.  All right.  Thank
 9   you.
10           MR. FOX:  Thank you, your Honor.
11           MS. CHANDRASEKARAN:  Thank you, your Honor.
12        (Proceedings adjourned at 9:45 a.m.)
13                        *  *  *  *  *  *
14                     C E R T I F I C A T E
15        I, Judith A. Walsh, do hereby certify that the
16   foregoing is a complete, true, and accurate transcript of the
17   proceedings had in the above-entitled case before the
18   Honorable HARRY D. LEINENWEBER, one of the judges of said
19   Court, at Chicago, Illinois, on November 9, 2016.
20
21   /s/ Judith A. Walsh, CSR, RDR, CRC, F/CRR     November 14, 2016
22   Official Court Reporter
23   United States District Court
24   Northern District of Illinois
25   Eastern Division
```